**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOSE LUIS NAJERA HERNANDEZ,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**FRED FIGUEROA, Warden of the Diamondback Correctional Facility, et al.,**<br><br>**Respondents.** | ) | **Case No. CIV-26-1875-J** |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner Jose Luis Najera Hernandez, a noncitizen[1] and Mexican national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 5, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. <u>Background</u>

Petitioner, a citizen of Mexico, entered the United States at some unspecified time before his recent detention by ICE. On June 28, 2026, Petitioner was pulled over by ICE while driving his vehicle and subsequently arrested after agents found his Mexican Consular ID. Pet. at 7. Petitioner alleges he was cooperative throughout the encounter, he did not resist the officers, and his vehicle was searched without his consent, reasonable suspicion, or probable cause. *Id.* At some point, ICE initiated immigration proceedings against Petitioner. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed Sept. 1, 2026) (showing a pending immigration case for Petitioner's A-number).

Petitioner did not allege he requested a bond hearing after his detention. Such a request, though, would likely be futile because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Sept. 1, 2026).

## II. <u>Petitioner's Claims</u>

Petitioner asserts three counts in his Petition.

- **Count I: Violation of the Fourth Amendment.** Petitioner alleges his arrest without a traffic violation and without explanation of the legal basis for the stop violates the Fourth Amendment. Pet. at 7.

- **Count II: Violation of the Fifth Amendment Equal Protection Clause**. Petitioner alleges his arrest and detention were based on his "race or ethnicity in violation of the equal protection guarantees of the Fifth Amendment." *Id.*

- **Count III: Violation of Due Process**. Petitioner alleges his continued detention violates the Fifth Amendment Due Process Clause and causes severe hardship to his U.S. citizen children. *Id.* at 7-8.

He asks the Court to "order [his] immediate release from ICE custody, or in the alternative, order an individualized custody hearing before a neutral decision-maker to determine whether [his] continued detention is lawful and necessary." *Id.* at 8. Petitioner also seeks additional declaratory and injunctive relief. *Id.*

The undersigned liberally construes Petitioner to be seeking a bond hearing pursuant to 8 U.S.C. § 1226(a). *See* Pet. at 8 (seeking an "individualized custody hearing"). Respondents construe the Petition the same way. Resp. at 1-2 ("Although [the] petition contains no reference to the [Immigration and Nationality Act ("INA")], Respondents construe Petitioner's Due Process challenge together with his request for alternative relief in the form of an 'individualized custody hearing' as a request for a bond hearing under 8 U.S.C. § 1226(a)." (citation modified)).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

Although Petitioner does not allege a violation of the INA, the undesigned concludes the Court must first determine what provision governs Petitioner's detention. The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges his detention violates his right to due process and seeks an individualized custody hearing. Pet. at 7-8. Respondents maintain this matter is controlled by binding Tenth Circuit precedent holding § 1226(a) applies to Petitioner. Resp. at 1.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026). In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See Imami v. Lyons*, No. CIV-26-566-J, 2026 WL 1896142, at *1-2 (W.D. Okla. July 1, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[2]

[2] This conclusion is also in accord with persuasive authority in the First, Second, Third, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Buele Morocho v. Warden Phila. FDC*, No. 26-1150, --- F.4th ----, 2026 WL 2546223, at *4 (3d Cir. Aug. 28, 2026); *Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094, --- F.4th ----, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1172 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a petition for a writ of certiorari to the Supreme Court. *See* Cert. Pet., *Raycraft*

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 180 F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

**B. The proper remedy is a bond hearing.**

Petitioner seeks "immediate release from ICE custody" or alternatively "an individualized custody hearing before a neutral decision-maker to determine whether [his] continued detention is lawful and necessary." Pet. at 8. The undersigned concludes that because § 1226(a) applies to Petitioner's detention, he is owed the due process provided to him under the statute. *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Imami*, 2026 WL 1896142, at *2 (concluding "the appropriate remedy" is for "Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a)"). When "§ 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025); *see also Karimov v. Cerna*, No. CIV-26-304-R, 2026

*v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026); Cert. Pet., *Cunha v. Freden*, No. 26-104 (filed July 23, 2026).

WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("An individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute.").

Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g., Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026) (declining to reach petitioner's due process claims and concluding burden shifting to the government in a § 1226(a) bond hearing is premature and not ripe for adjudication before a bond hearing has been conducted). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.

**C. The Court should decline to address Petitioner's remaining claims.**

Petitioner also argues his arrest and detention violate the Fourth Amendment[3] and the Equal Protection Clause. Pet. at 7. If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's remaining claims based on his arrest and detention. *See, e.g.*, *Coreas*, 2026 WL 541151, at *2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).

---

[3] "Habeas has traditionally been a means to secure *release* from unlawful detention," *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020), while "the suppression of evidence is the typical remedy" "[f]or a Fourth Amendment violation," *Kanda v. Cole*, 830 F. Supp. 3d 659, 665 (S.D. Tex. 2026); *see also I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984) (noting "the 'body' or identity of a [non-citizen] in a . . . civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred").

## V. <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **September 9, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 1st day of September, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE